IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.   KATHY SRAMEK, | ) | |
| | ) | |
|        Plaintiff, | ) | |
| v. | ) | CIV-15-15-436-RAW |
| | ) | |
| 1.   DURA-LINE CORPORATION, | ) | |
| | ) | ATTORNEY LIEN CLAIMED |
|        Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, Kathy Sramek, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1. Plaintiff, Kathy Sramek, is an adult female who currently resides in Tuscarawas County, Port Washington, Ohio. At all times relevant hereto, Plaintiff resided in Pittsburg County, Oklahoma.

2. Defendant is Dura-Line Corporation, an entity doing business in Pittsburg County, Oklahoma.

## JURISDICTION AND VENUE

3. This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on claims of: (a) failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), and (b) violations of the Equal Pay Act.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C.

§1331.

5.     All of the actions complained of herein occurred in Pittsburg County, Oklahoma. Defendant is doing business in such county and may be served in said county. Pittsburg county is located in the Eastern District of Oklahoma. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6.     Defendant is an international manufacturer and distributor of communication and energy infrastructure products and systems, including conduit, cable-in-conduit, pipe and accessories.

7.     Plaintiff began her employment with Defendant as an Inventory Control Specialist ("ICS") at Defendant's McAlester, Oklahoma facility on or about April 16, 2008.

8.     During her employment, Plaintiff's job performance was at least satisfactory, if not excellent. Plaintiff received positive performance evaluations and was not disciplined while she worked for Defendant.

9.     At the time of her hire, Human Resources Representative Delynn Hall indicated to Plaintiff that she would receive a salary, rather than hourly compensation, as an ICS.

10.    As an ICS, Plaintiff was responsible for maintenance of inventory control records and system procedures. She also set up work orders for assembly, compiled and maintained databases of inventory records against physical control inventory, prepared reports, and recommended options for defective or unusable items.

11. In this role, Plaintiff did not exercise discretion or independent judgment. She was initially trained on tasks to complete on a daily, weekly and monthly basis. Thereafter, if Plaintiff encountered a problem, she sought direction from her supervisor, Inventory Control Manager Amy Missler.

12. Defendant's written job description identified the ICS position as an FLSA non-exempt position. Thus, the position was not exempt from overtime compensation.

13. Plaintiff supervised only one (1) employee in her role as an ICS. And, Plaintiff was not responsible for managerial duties.

14. In or around Spring 2009, Plaintiff began performing the job function of Production Scheduler in addition to her ICS duties. In this role, Plaintiff was responsible for organizing, monitoring, and scheduling production at the McAlester, OK facility. She was not given an increase in pay related to such additional duties.

15. Throughout her employment, Plaintiff was required to work a shift from 8:00 a.m. until 5:00 p.m. with a one (1) hour lunch break. However, due to the volume of work for which Plaintiff was responsible, she often arrived at work at 7:00 a.m. or earlier. And, she rarely used her one (1) hour lunch break. She was also required to stay after 5:00 p.m. to complete her work. Plaintiff also worked weekends on numerous occasions to complete her job tasks.

16. As a result, Plaintiff was required to work at least fifty (50) hours per week. And, at times, she worked up to eighty (80) hours per week. Plaintiff was not paid overtime

compensation for the hours she worked in excess of forty (40) each week.

17. Due to the amount of work she performed as both ICS and Production Scheduler, Plaintiff asked Missler whether her title would be changed or if she would receive additional compensation for the work she performed. Missler told Plaintiff that this request would "open a can of worms" and that she did not want to do that. Missler did not elaborate as to what she meant by this statement.

18. In or around May 2014, Plaintiff's job duties as an ICS were removed and given to Jeremy Mills (Male). Plaintiff was told by General Manager Joe Peck that the ICS and Production Scheduler duties were being split due to an increase in customer orders.

19. Although Mills performed the exact same work as Plaintiff performed in the ICS position, Defendant paid Mills overtime compensation for hours he worked over forty (40) each week.

20. When Plaintiff discovered this in or around Summer 2014, Plaintiff contacted corporate Human Resources Manager Tamara Fraley. Plaintiff asked Fraley why Mills was being paid overtime as an ICS, when Plaintiff was not. Fraley told Plaintiff that she would look into the issue and get back to Plaintiff. However, Fraley did not contact Plaintiff thereafter.

21. In or around June 2015, Andy Barnun (Male) replaced Mills as the ICS. Like Mills, Barnun was paid overtime compensation in this position.

22. Plaintiff resigned from her employment with Defendant in or around August

2015. During her exit interview with Human Resources Representative Deborah Westin, Plaintiff again stated that she did not believe it was fair that two male employees were paid overtime compensation in the ICS position, and she was not. Plaintiff further stated that she had previously notified Defendant of this disparity, but the matter was not resolved.

23. Defendant has still not compensated Plaintiff for the overtime she worked as an ICS.

24. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described hereafter.

## COUNT I - FLSA

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows.

25. The acts described above constitute violations of the Fair Labor Standards Act for failure to pay overtime to Plaintiff.

26. The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per week.

27. Defendant required Plaintiff, a non-exempt employee, to routinely work more than forty (40) hours per week without compensating her for such overtime work.

28. Defendant knew, or showed reckless disregard for, the fact that it failed to pay Plaintiff overtime compensation in violation of the FLSA.

29. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff

suffered a loss of income and other damages. As such, Plaintiff is entitled to recover lost wages, liquidated damages, attorneys' fees and costs incurred in connection with this claim.

30. By failing to accurately record, report and/or preserve records of all the hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine their wages, hours and other conditions and practice of employment in violation of the FLSA.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II - Equal Pay Act

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. The acts above-described constitute a violation of the Equal Pay Act which prohibits wage disparity based on gender.

33. More particularly, Plaintiff is entitled to relief because she was performing work which was substantially equal to that of the male employees considering the skills, duties, supervision, effort and responsibilities of the jobs, the conditions where the work was performed was basically the same, and the male employees were paid more under such circumstances.

34. As the direct and proximate result of Defendant's actions, Plaintiff has suffered

lost wages and is entitled to her lost income, past and future, and such remedies as the law may allow including remedies for the willful nature of the discrimination.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory, and liquidated damages, together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 12th DAY OF NOVEMBER, 2015.**

s/Jana B. Leonard
JANA B. LEONARD, OBA# 17844
LAUREN W. JOHNSTON, OBA #22341
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800     (telephone)
(405) 239-3801     (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED